NO. 07-10-00436-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 27, 2011

_____

IN THE INTEREST OF K.L.J., K.N.J. AND B.H.B.,
CHILDREN

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-509,448; HONORABLE KEVIN HART, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, H.P.B.,[1] appeals the termination of his parental rights to his child,

B.H.B. We affirm the judgment of the trial court.

Background

The trial court's order terminating H.P.B.'s parental rights was entered on

September 29, 2010. The trial court found, by clear and convincing evidence, that

termination would be in the best interest of H.P.B.'s child, B.H.B., because H.P.B.

_____

[1] In accordance with Texas Rule of Appellate Procedure 9.8(b)(2), appellant and his child will be identified by their initials to protect the minor child's identity. See TEX. R. APP. P. 9.8(b)(2).

knowingly placed or allowed B.H.B. to remain in conditions or surroundings which endangered the child's physical or emotional well-being, engaged in conduct or placed the child with persons that engaged in conduct which endangered the child's physical or emotional well-being, and failed to comply with a court order. See TEX. FAM. CODE ANN. § 161.001(1)(D), (E), (O) (West Supp. 2010).[2] H.P.B.'s appointed trial counsel timely filed a Motion for New Trial and Notice of Appeal with the trial court.[3] H.P.B. filed an application for appointment of counsel on appeal and affidavit of indigence on October 18. According to the clerk's record, the trial court held a hearing on H.P.B.'s motion and application on October 19. As a result of this hearing, the trial court denied H.P.B.'s new trial motion, denied his claim for indigence, and deemed his appeal not frivolous. See § 263.405(d).

Subsequent to the trial court's October 19 Order, H.P.B. filed a pro se Motion for New Trial and Notice of Appeal on October 29, in which he raised additional issues he intends to appeal. However, this pro se motion and notice was untimely filed. See §

---

[2] Further reference to provisions of the Texas Family Code will be by reference to "section ___" or "§ ___."

[3] Under Texas Family Code section 263.405(b), an appeal of a final order terminating a parent's rights to a child in a suit brought by the Texas Department of Protective and Regulatory Services (hereafter "Department") must include a statement of points on which the party intends to appeal. See § 263.405(b)(2) (West 2008). The statement of points must be filed within 15 days after the date the final order is signed by the trial court. See § 263.405(b). The required statement may be combined with a motion for new trial. § 263.405(b-1). In this case, H.P.B.'s Motion for New Trial indicates his intent to appeal the Department's alleged denial of psychological assistance to H.P.B as well as the legal and factual sufficiency of the evidence to support the termination. We construe these issues to have been a timely filed statement of points. See In re T.J.H., No. 13-06-00407-CV, 2009 Tex.App. LEXIS 6688, at *15-*16 (Tex.App.—Corpus Christi Aug. 26, 2009, pet. denied) (mem. op.).

263.405(b). As such, these additional issues may not be considered by this Court. See In re J.O.A., 283 S.W.3d 336, 341 (Tex. 2009) (citing section 263.405(i) as barring an appellate court from considering any issue not presented to the trial court in a timely filed statement of points).

On December 6, the trial court entered an order discharging H.P.B.'s trial counsel from further representation of H.P.B.[4] On December 16, this Court sent H.P.B. notice that the reporter's record had not yet been requested and directed H.P.B. to request this record by December 28, or the Court may set a deadline for H.P.B.'s brief in the absence of a reporter's record. See TEX. R. APP. P. 37.3(c)(1). After receiving no response to our correspondence, on January 7, 2011, we informed H.P.B. that his brief was due by February 7. H.P.B. filed three different documents by this February 7 deadline. None of these documents come close to complying with the requirements of Texas Rule of Appellate Procedure 38.1; however, this Court construed these documents to collectively constitute H.P.B.'s appellate brief. The Department filed its brief in response on March 24. H.P.B. filed a document entitled a "Final Summary Brief" on May 3, that this Court construed to be a reply brief. See TEX. R. APP. P. 38.3.

---

[4] H.P.B. requested this Court appoint him appellate counsel, and supported that request with an affidavit of inability to pay costs. However, this request was submitted after the trial court held a hearing on H.P.B.'s claim of indigence and denied his claim. H.P.B. was entitled to appeal the trial court's denial of his claim of indigence in accordance with Texas Family Code section 263.405(g). See § 263.405(g). However, nothing in H.P.B.'s request for appointment of counsel challenged the trial court's indigency determination. Further, because no records from the October 19, 2010 hearing on H.P.B.'s motion for new trial are part of the appellate record, we are unable to review this ruling of the trial court.

In H.P.B.'s four filings with this Court, he does not present any issues with the trial court's judgment. See TEX. R. APP. P. 38.3(f). After reading each of H.P.B.'s filings with this Court, he appears to challenge the trial court's finding that H.P.B. failed to comply with a court order, but he does not challenge either of the other bases for termination of his parental rights or the finding that termination would be in the best interest of B.H.B.

## Termination of H.P.B.'s Parental Rights

Liberally construing H.P.B.'s appellate briefs, he appears to challenge the trial court's finding that he failed to comply with a court order. However, the Order of Termination challenged by H.P.B. also includes findings that H.P.B. knowingly placed or allowed B.H.B. to remain in conditions or surroundings which endangered the child's physical or emotional well-being, and engaged in conduct or knowingly placed the child with persons that engaged in conduct which endangered the child's physical or emotional well-being. See § 161.001(1)(D), (E). Further, H.P.B. does not challenge the trial court's finding that termination of H.P.B.'s parental rights is in the best interest of B.H.B. See § 161.001(2).

A parent's rights to "the companionship, care, custody, and management" of his or her children are constitutional interests "far more precious than any property right." Santosky v. Kramer, 455 U.S. 745, 758-59, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). In a termination case, the State seeks to end parental rights permanently--to divest the parent and child of all legal rights, privileges, duties, and powers normally existing between them, except for the child's right to inherit. § 161.206(b) (West 2008). While

4

parental rights are of constitutional magnitude, they are not absolute. In re C.H., 89 S.W.3d 17, 26 (Tex. 2002). Just as it is imperative for courts to recognize the constitutional underpinnings of the parent-child relationship, it is also essential that emotional and physical interests of the child not be sacrificed merely to preserve that right. Id.

In proceedings to terminate the parent-child relationship brought under section 161.001, the Department must establish one or more of the acts or omissions enumerated under subsection (1) of the statute, and must also prove that termination is in the best interest of the child. § 161.001; Texas Dep't of Human Servs. v. Boyd, 727 S.W.2d 531, 533, (Tex. 1987). While the evidence must establish a violation of subsection (1) and that termination is in the best interest of the child, only one finding alleged under subsection (1) is necessary to support a judgment of termination. In re A.V., 113 S.W.3d 355, 362 (Tex. 2003); In re R.W., 129 S.W.3d 732, 744 (Tex.App.—Fort Worth 2004, pet. denied).

An appeal of a termination order is limited to the issues presented in the timely filed statement of points. See § 263.405(i); see also Pool v. Texas Dep't of Family & Protective Servs., 227 S.W.3d 212, 215 (Tex. App.--Houston [1st Dist.] 2007, no pet.). To satisfy the requirements of section 263.405(i), a statement of points must be "sufficiently specific" to allow the trial court to correct any erroneous findings on the challenged grounds. In re J.J.C., 302 S.W.3d 436, 444 (Tex. App.--Houston [14th Dist.] 2009, pet. denied). If the statement of points on appeal does not specifically challenge

5

the sufficiency of the evidence supporting the statutory grounds for termination, those issues are not preserved for appellate review. Id.

In the present case, H.P.B.'s timely filed statement of points indicate his intent to appeal the Department's alleged denial of psychological assistance as well as the legal and factual sufficiency of the evidence "to support the judgment of the Court." Nothing in this statement of points specifically challenges the trial court's findings that H.P.B. violated section 161.001(1)(D) and (E) nor that termination would be in the best interest of B.H.B. As such, those issues are not preserved for appellate review.[5] Id.

Conclusion

For the foregoing reasons, we affirm the trial court's Order of Termination.


Mackey K. Hancock
Justice


---

[5] No reporter's record was filed in this cause due to H.P.B.'s failure to request same, and, after notice and a reasonable opportunity to cure was given H.P.B. by this Court, this Court chose to consider and decide those points that do not require a reporter's record. See TEX. R. APP. P. 37.3(c)(1). Thus, even were we to assume that H.P.B.'s statement of points challenging the sufficiency of the evidence to support the trial court's termination was sufficiently specific to preserve a challenge to the sufficiency of the evidence, in the absence of a reporter's record, this Court must assume the sufficiency of the evidence supporting the judgment. See Hebisen v. Clear Creek Indep. Sch. Dist., 217 S.W.3d 527, 536 (Tex.App.—Houston [14th Dist.] 2006, no pet.).